**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THOMAS J. MORAN,

                              Plaintiff,          1:17-CV-422
    v.                                              (TJM/CFH)

VICTOR P. DEAMELIA, AMANDA COLOMB,
NICOLE COMSTOCK,

                              Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

Thomas J. Moran
600 16th Street, Apt. 203
Watervliet, New York 12189
Plaintiff Pro Se

## REPORT-RECOMMENDATION AND ORDER

Presently pending before the Court is plaintiff pro se Thomas J. Moran's application to proceed in forma pauperis ("IFP") and motion for appointment of counsel. Dkt. Nos. 2, 3.

### I. In Forma Pauperis Application

After reviewing plaintiff's IFP Application, the Court finds that he may properly proceed with this matter in forma pauperis.[1]  See Dkt. No. 2.

---

[1] Despite his IFP status in this action, plaintiff may still be responsible for any costs he may incur, such as copying fees or witness fees.

## II.  Initial Review[2]

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state a claim on which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Further,

---

[2]  Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

> [d]etermining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief.

Id. at 679 (internal citation omitted); FED. R. CIV. P. 8(a)(2).

Here, plaintiff alleges[3] that defendants, employees with the New York State Division of Human Rights,[4] discriminated against him on the basis of his sexual orientation and disability. See generally Dkt. No. 1 ("Compl.").[5] Plaintiff alleges that defendants' discriminatory conduct violated the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Id. at 6. Plaintiff filed a complaint against his former employer, nonparty Jewish Board of Family and Children's Services, for discrimination on the basis of his race, sexual orientation, and disability with the New York State Division of Human Rights ("NYSDHR"). Id.; Dkt. No. 1-1 at 23-25. Plaintiff's claims in this complaint arise out of defendants' handling of plaintiff's employment discrimination complaint. Compl. at 6. Specifically, plaintiff contends that defendants discriminated against him on the basis of his disability and sexual orientation insofar as they (1) provided extensions of time and an adjournment to his

---

[3] Plaintiff submits his complaint on a form for a civil rights complaint pursuant to 42 U.S.C. § 1983, but does not set forth any allegations of violations of his constitutional rights under color of state law pursuant to section 1983. See Compl. Instead, plaintiff attempts to set forth allegations pursuant to the Americans with Disabilities Act and Title VII. However, it appears plaintiff merely used this form out of convenience, and not in an attempt to set forth section 1983 claims.

[4] The New York State Division of Human Rights was not named as a party to this action.

[5] This Court's citation to the pages in the complaint are to the pagination generated by the Court's electronic filing system at the top of each page, rather than to the pagination of the original document.

3

former employer, but did not provide such extensions for plaintiff, and failed to explain why these extensions were awarded to his former employer; (2) were rude, dismissive, or otherwise refused to offer assistance or explain procedures; (3) refused to send plaintiff copies of the NYSDHR internal procedures; (4) permitted apparent non-attorneys to represent the former employer during the conference, and failed to include in conference notes the fact that "Mr. DeAmelia allowed two attorneys into this conference to practice law without law licenses"; and (5) produced a "fraudulent report" in the form of a "one-sided" "Determination and Order after Investigation" concluding that his former employer did not commit actionable discrimination. See Compl. at 6-13.

Plaintiff demands "ALL monies due" to him as he

> alleges Mr. Victor De Amelia may have used or presently may be using Mr. Thomas J. Moran's name and identity which plaintiff alleges may have been taken by Mr. Victor P. DeAmelia presently and Plaintiff alleges may have been taken in the past without Mr. Thomas J. Moran's acknowledgment and/or consent.

Compl. at 13. Plaintiff further seeks monetary damages in the amount of $900 million from Mr. DeAmelia and $1 billion from the NYSDHR. Id. Plaintiff also seeks injunctive relief in the form of (1) "an investigation into all of Mr. Victor P. DeAmelia's dealings, job performance and relationship Defendant has now and had in the past as Regional Director of the New York State Division of Human Right using Mr. Thomas J. Moran's name and identity," (2) "[t]he resignation of Mr. Victor P. DeAmelia from the New York State Division of Human Rights," (3) the "bar[ring] of Mr. DeAmelia "from ever working again in the name of Human Rights or in a Human Resources capacity anywhere in the United States of America." Id. Plaintiff also demands costs. Id.

4

## A. ADA[6]

Plaintiff alleges that he is disabled due to major depressive disorder and attention deficit hyperactivity disorder. Compl. at 5. Plaintiff contends that defendants discriminated against him, as detailed above, because he is disabled. See generally id.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A public entity includes "any department, agency . . . or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(B). A qualified individual with a disability is defined as

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

Id. § 12141(2). To demonstrate a prima facie case of discrimination on the basis of disability under Title II of the ADA, "a plaintiff must adequately allege that: (1) he is a 'qualified individual with a disability'; (2) he was excluded from participation in a public entity's services, programs, or activities; and (3) the exclusion was the result of his disability." Natarelli v. VESID Office, 420 F. App'x 53 (2d Cir. 2011) (summary order) (citing Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003)).

---

[6] Copies of any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff by the Court.

5

The Court will assume, for purposes of this motion, that plaintiff is a qualified individual with a disability. 42 U.S.C. § 12141(2). Thus, the Court will assess whether plaintiff has demonstrated that he was "excluded from participation in a public entity's services, programs, or activities." Id. § 12132. First, it is clear that NYSDHR is a "public entity"; however, plaintiff has not named the NYSDHR has a defendant. See generally Compl. Instead, the named defendants are individual employees of the NYSDHR. Id. Second, it is well settled that discrimination claims under Title II of the ADA can be asserted only against public entities, not individual employees of public entities in either their individual or official capacities. See, e.g., Hallett v. New York State Dep't of Corr. Services, 109 F. Supp. 2d 190, 199 (S.D.N.Y. 2000) (citing Cerrato v. Durham, 941 F. Supp. 388, 395 (2d Cir. 1996); Bottge v. Suburban Propane, 77 F. Supp. 2d 310, 313 (N.D.N.Y. 1999). Thus, plaintiff has not met the requirements of the second prong of Title II insofar as he has named only individual defendants – against whom Title II of the ADA does not apply – and, thus, has not demonstrated discrimination by a public entity.[7]

Further relating to the second prong of Title II, it is less than clear that plaintiff was denied the benefits of a public service or program or was discriminated by the employees of the NYSDHR. Read very liberally, plaintiff's complaint appears to suggest that, due to defendants' disability discrimination, he was denied the benefit of NYSDHR's employment discrimination complaint procedure because he was not given

---

[7] Although plaintiff must meet all prongs in order to have demonstrated a prima facie claim under Title II, the undersigned will continue to assess whether plaintiff has met the third prong of Title II in order to assess whether plaintiff should be afforded an opportunity to amend..

6

a fair and unbiased review of his complaint, was denied an explanation of the NYSDHR's process and procedures, and was denied adequate time in which to participate fully in the process. See generally Compl. Insofar as plaintiff's complaint suggests he was discriminated against because defendants denied him adequate time to file a response or gave him less time than his former employer, plaintiff has not even suggested that he timely requested an extension, provided good cause for the request, and that such request was denied. See generally Compl. Further, plaintiff has not alleged why the time extensions given to his former employer were invalid or done as a form of disability discrimination. Thus, the undersigned concludes that plaintiff's complaints that he was not given enough time to file a response or was unfairly given less time than his former employer does not, without more, demonstrate that he was denied participation in a public entity's service or program.

Even assuming plaintiff has demonstrated that he is a qualified individual with a disability, and demonstrated that he was denied participation in a public service or benefit by a public entity, even with a liberal reading of his complaint, plaintiff has not demonstrated that "defendants were motivated by irrational discriminatory animus or ill will based on his alleged . . . disability." Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 113 (2d Cir. 2001); Frank v. Sachem Sch. Dist., 84 F. Supp. 3d 172, 186 (E.D.N.Y. 2015) ("To prove intentional discrimination under the ADA, a plaintiff must allege facts showing that a policymaker acted with ill will or personal animosity toward him because of his disability or that the policymaker acted with deliberate indifference to his rights under the ADA.") (internal citation and quotation marks

7

omitted). Although defendants may have been aware of plaintiff's alleged disabilities because his underlying discrimination complaint against his former employer filed with the NYSDHR appears to have been based, in part, on his disabilities, he offers not even a scintilla of proof that the alleged misconduct was *"motivated" by* his major depressive disorder and ADHD. As plaintiff provides the Court with no factual support for this allegation, it is the undersigned's opinion that plaintiff has failed to demonstrate that defendants' conduct was motivated by "motivated by irrational discriminatory animus or ill will" due to his disability. Garcia, 280 F.3d at 113.

Finally, it is noted that plaintiff seeks monetary damages against defendant DeAmelia and the NYSDHR, which he has not named as a party and against which he has not asserted specific claims. See Compl. at 13. Plaintiff does not indicate what portion of the requested damages he intends to be compensatory and which are punitive. See id. Although compensatory damages are recoverable under the ADA, punitive damages are not. Barnes v. Gorman, 536 U.S. 181, 189-90 (2002). Thus, it is recommended that, insofar as plaintiff's complaint seeks punitive damages under the ADA, such demand be dismissed with prejudice. Insofar as plaintiff seeks compensatory damages, it is recommended that such claims be dismissed without prejudice.

Insofar as plaintiff seeks injunctive relief, it is noted that, to demonstrate that he has standing to seek injunctive relief, plaintiff must demonstrate that there is a "real or immediate threat that he will be wronged again" by defendants. Naiman v. New York Univ., No. 95 Civ. 6469 (LMM), 1997 WL 249970, at *4 (S.D.N.Y. May 13, 1997). This

8

must be more than a hypothetical or possible likelihood. Id. Although plaintiff does not explain how there is a continued or immediate threat that he will continue to be harmed by defendants, giving plaintiff due solicitude, it is at least arguable, at this early stage, that plaintiff has demonstrated standing for injunctive relief as it is possible that plaintiff may seek to file future employment discrimination cases that would be handled by the NYSDHR. Thus, it is recommended that plaintiff's claims for injunctive relief under the ADA be dismissed without prejudice.

In sum, for all of the reasons stated above, the undersigned recommends that (1) plaintiff's ADA claims against defendants DeAmelia, Colcomb, and Comstock be dismissed with prejudice, but without prejudice to plaintiff's ability to allege ADA claims against a proper defendant should he seek to allege such claims in the future and with proper support; (2) plaintiff's claims for compensatory and injunctive relief under the ADA be dismissed without prejudice; and (3) plaintiff's claim for punitive damages under the ADA be dismissed with prejudice.

### B. Title VII

Plaintiff argues that he was discriminated against by defendants, in violation of Title VII, on the basis of his sexual orientation. See generally Compl. Plaintiff does not distinguish between alleged acts taken based on disability discrimination versus sexual-orientation discrimination, instead making general suggestions that the alleged rude treatment, denial of extensions or inequitable grant of extensions to the former employer, and biased final determination occurred due to discrimination as to both

9

factors. See id.

Title VII applies to employment discrimination, and, thus, is not applicable to plaintiff's claims. 42 U.S.C. § 2000e, et seq. Even assuming plaintiff could demonstrate that sexual orientation discrimination is covered by Title VII,[8] it is abundantly clear from the complaint that plaintiff will be unable to demonstrate that employees of the NYSDHR ,or NYSDHR itself, committed employment discrimination against plaintiff. Based on the allegations set forth in the complaint, plaintiff was never employed by defendants or the NYSDHR, nor has he sought employment and been discriminated against on the basis his membership in a protected class. Although plaintiff reached out to defendants for assistance with employment-related discrimination, his claims against defendants in this action do not arise out of employment discrimination. His allegations that defendants, employees of a state agency,[9] discriminated against him relating to their handling of his employment discrimination case, therefore, plainly fall outside of the confines of Title VII. Accordingly, it is recommended that plaintiff's claims that defendants discriminated against him in violation of Title VII be dismissed with prejudice.[10]

---

[8] The Second Circuit has declined to hold that Title VII's definition of prohibiting discrimination because of . . . sex" includes sexual orientation. Zarda v. Altitude Express, __ F.3d __, 2017 WL 1378932, at *2-3 (2d Cir. Apr. 18, 2017) (declining to overturn Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000) to hold that Title VII sex discrimination includes prohibitions on sexual orientation discrimination); Anonymous v. Omnicom Group, Inc., __ F.3d __, 2017 WL 1130183 (2d Cir. Mar. 27, 2017).

[9] It is also noted that, even if Title VII applied, no private action may be brought against individuals in either their personal or official capacity under Title VII.

[10] Plaintiff has not attempted to set forth any state-law sexual orientation discrimination claims. See, e.g., N.Y. Exec. Law § 296(1)(a). Although it is possible that plaintiff may be able to allege such claims, as plaintiff has set forth no viable sexual orientation discrimination claims, opportunity to amend to

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application for in forma pauperis status be **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's Title VII claims be **DISMISSED with prejudice**; and it is

**RECOMMENDED**, that plaintiff's ADA claims be **DISMISSED** against defendants Victor P. DeAmelia, Amanda Colomb, and Nicole Comstock, **with prejudice**; and it is

**RECOMMENDED**, that plaintiff's ADA claims otherwise be **DISMISSED without prejudice** insofar as plaintiff may potentially seek to bring such claims against a proper defendant in the future; and it is

**RECOMMENDED**, that insofar as plaintiff seeks punitive damages under the ADA, such claim be **DISMISSED with prejudice**; and it is

**RECOMMENDED**, that plaintiff's request for compensatory and injunctive relief under the ADA be **DISMISSED without prejudice**; and it is

**RECOMMENDED**, that the motion for appointment of counsel (Dkt. No. 3) be **DENIED without prejudice**, as the undersigned recommends dismissal of the complaint in its entirety;[11] and it is

---

provide a chance to assert potential state law claims is not recommended.

[11] The undersigned also observes that plaintiff failed to demonstrate the efforts he took to find an attorney on his own or attach correspondence supporting such attempts, despite signing his motion for appointment of counsel stating that he had completed such actions and declar[ing] under penalty of

11

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on the plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: April 20, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

perjury that the foregoing is true and correct." Dkt. No. 3.